# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

CLAYTON SAMUEL WILSON,
Plaintiff,
v.
CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,
Defendant.

Case No.

# VERIFIED COMPLAINT

(For Violations of 15 U.S.C. §§ 1637(b), 1666(a), 1681s-2(b), and 1692c)

Plaintiff brings this Verified Complaint against Verizon Wireless and alleges as follows:

# I. INTRODUCTION

1. This action arises from Verizon Wireless's unlawful billing practices, failure to provide periodic statements, failure to respond to written billing disputes, and inaccurate credit reporting in violation of the Truth in Lending Act ("TILA"), the Fair Credit Reporting Act ("FCRA"), and the Fair Debt Collection Practices Act ("FDCPA").
2. Verizon Wireless failed to send Plaintiff timely monthly billing statements, failed to include disclosures required by **15 U.S.C. §1637(b)**, failed to correct billing errors under **15 U.S.C. §1666(a)**, and continued reporting delinquency even after receiving Plaintiff's written disputes, violating **15 U.S.C. §1681s-2(b)**.
3. These violations resulted in substantial credit damage, economic loss, and denial of credit opportunities, which constitute **concrete, particularized injuries** under *Spokeo v. Robins*, 578 U.S. 330 (2016), and *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021).
4. The factual allegations herein go far beyond conclusory assertions and thus satisfy the pleading requirements set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), thereby precluding dismissal under Rule 12(b)(6).

## II. JURISDICTION AND VENUE

5. The Court has jurisdiction under 28 U.S.C. §1331 because the claims arise under federal law.
6. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. §1391(b) because Plaintiff resides in this District and the events giving rise to these claims occurred here.

## III. PARTIES

7. Plaintiff is a natural person and consumer residing in Connecticut.
8. Defendant Cellco Partnership, doing business as Verizon Wireless ("Verizon"), is a furnisher of credit information to Experian, Equifax, and TransUnion, and conducts substantial business in Connecticut.

## IV. FACTUAL ALLEGATIONS

*(These are the key paragraphs that must be detailed to survive 12(b)(6).)*

9. Plaintiff maintained an account with Verizon Wireless under Account No. 6899608440.
10. Beginning in or around **November 2023**, Verizon failed to send monthly billing statements to Plaintiff **21 days before the due date**, preventing Plaintiff from knowing the correct amount owed.
11. The billing statements that were sent were **late**, incomplete, or missing information required by **15 U.S.C. §1637(b)**, including:

- itemized charges,
- opening and closing balances,
- applicable fees,
- address for submitting billing error disputes.

12. Under **15 U.S.C. §1666(a)**, Verizon had a duty to respond to written disputes within 30 days. Verizon did not.
13. Plaintiff submitted written billing and reporting disputes directly to Verizon.
14. Verizon **never acknowledged** these disputes, **never responded**, and **never conducted a billing error investigation**, violating §1666(a).
15. Despite being placed on notice, Verizon continued reporting Plaintiff as "late" or "delinquent" to Experian, Equifax, and TransUnion.

16. Because Verizon failed to send timely billing statements, Plaintiff was **unable to make timely payments**, and the reported "late payments" were directly caused by Verizon's noncompliance with TILA.
17. Plaintiff disputed the inaccurate reporting with all three credit bureaus. The bureaus forwarded the disputes to Verizon under **15 U.S.C. §1681i(a)(2)**.
18. Verizon **failed to conduct a reasonable investigation** as required by **15 U.S.C. §1681s-2(b)** and instead "verified" the inaccurate reporting.
19. Verizon did not review its billing records, did not correct the reporting, and did not delete or update the account.
20. Verizon continued reporting inaccurate delinquencies while multiple disputes were pending, violating **15 U.S.C. §1692c(c)** by continuing communications and collection activities after receiving written notice.
21. As a direct result of Verizon's violations, Plaintiff suffered the following concrete harms:

a. credit score reduction;
b. denial of credit opportunities;
c. increased interest rates on existing and potential loans;
d. inability to qualify for financial products;
e. emotional distress and reputational damage.

22. These harms constitute injuries-in-fact under Article III.

# V. CAUSES OF ACTION

## COUNT 1 — Violation of 15 U.S.C. §1637(b)

(Failure to Provide Required Billing Disclosures)

23. Plaintiff realleges all prior paragraphs.
24. Verizon failed to provide Plaintiff with proper periodic statements required by §1637(b).

## COUNT 2 — Violation of 15 U.S.C. §1666(a)

(Failure to Respond to Billing Disputes)

25. Plaintiff realleges all prior paragraphs.
26. Verizon failed to investigate or respond to written billing-error notices.

## COUNT 3 — Violation of 15 U.S.C. §1681s-2(b)

(Furnisher Failure to Conduct Reasonable Investigation)

27. Plaintiff realleges all prior paragraphs.
28. Verizon failed to perform a reasonable investigation after receiving notice of disputes from the consumer reporting agencies.

## COUNT 4 — Violation of 15 U.S.C. §1692c(c)

(Continuing Communication After Written Notice)

29. Plaintiff realleges all prior paragraphs.
30. Verizon continued communications, collections, and reporting despite written dispute notifications.

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests:

- Actual damages
- Statutory damages
- Punitive damages
- Injunctive relief ordering deletion/correction
- Any other relief the Court deems proper

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Clayton Samuel Wilson
Date: 11/24/25

VCC 1-308